UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATRICIA W.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C23-5056-GJL

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Commissioner's denial of Plaintiff's applications for disability benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned Magistrate Judge.

Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is **REVERSED and REMANDED** for further administrative proceedings.

I.   BACKGROUND

Plaintiff filed an application for Disability Insurance Benefits (DIB) and an application for Supplemental Security Income (SSI) on September 10, 2020, alleging disability beginning June 1, 2020. AR 15. After the applications were denied at the initial level and on reconsideration, Plaintiff

ORDER
PAGE - 1

requested a hearing before an Administrative Law Judge (ALJ). The ALJ held a hearing on February 23, 2022, and took testimony from Plaintiff and a vocational expert (VE). AR 32–60. On March 2, 2022, the ALJ issued a decision finding Plaintiff not disabled. AR 15–25. The Appeals Council denied Plaintiff's request for review on November 17, 2022, making the ALJ's decision the final decision of the Commissioner. AR 1–6; *see* 20 C.F.R. §§ 404.981, 416.1481. Plaintiff appeals the denial of disability benefits to this Court.

## II. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of disability benefits if it is based on legal error or not supported by substantial evidence in the record. *See Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022).

## III. THE ALJ'S FINDINGS

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. At steps one through three, the ALJ found Plaintiff has not engaged in substantial gainful activity since the alleged onset date, has one or more severe impairments, and does not have an impairment or combination of impairments that meet or equal the criteria of a listed impairment. AR 17–19. The ALJ found Plaintiff has the following severe impairments: generalized anxiety disorder; major depressive disorder; and possible functional movement disorder. AR 17.

At step four, the ALJ found Plaintiff has the residual functional capacity (RFC) to perform at full range of work at all exertional levels but with the following limitations:

> she has sufficient concentration, persistence and pace to complete routine tasks for a normal workday and workweek with normal breaks; should have only occasional interactions with the general public; can work with a few coworkers (defined as 5 or less); is able to accept direction from supervisors; should be in a workplace with a routine and predictable work setting; and can adapt to minor

ORDER
PAGE - 2

changes in the work setting and follow supervisor-set goals. AR 19. With that assessment, the ALJ found Plaintiff unable to perform any past relevant work. AR 23.

At step five, the ALJ found Plaintiff capable of making a successful adjustment to other work that exists in significant numbers in the national economy. AR 23–24. The ALJ thus concluded Plaintiff has not been under a disability since the alleged onset date through the date of the decision. AR 24.

## IV.  DISCUSSION

Plaintiff raises the following issues on appeal: (1) Whether the ALJ properly found Plaintiff's migraines to be non-severe and (2) whether the ALJ properly rejected the physical limitations offered by the state agency medical consultants and the consultative examiner. Plaintiff requests remand for further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

**1.  The ALJ's consideration of Plaintiff's migraines**

Plaintiff argues the ALJ's "minimal discussion" of Plaintiff's migraines "is insufficient to show that Plaintiff's migraines were non-severe." Dkt. 11, at 3–6. "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (quoting Social Security Ruling (SSR) 85-28). The ALJ found Plaintiff "has a history of migraines" but found Plaintiff's migraines to be not severe "in that they do not cause more than minimal limitation of physical or mental ability to do basic work activities." AR 18 (citing 20 C.F.R. §§ 404.1520(c), 416.920(c)).

The ALJ considered testimony that she gets migraines about four days per week and

ORDER
PAGE - 3

Plaintiff's statements in September 2020 "that her migraines have been getting worse over the last week" and that "amitriptyline was not helping her migraines in December of 2020, though she previous[ly] reported improvement." AR 21. However, the ALJ provided no discussion of Plaintiff's testimony or allegations describing the severity of symptoms and limitations from her migraine impairment.

At the hearing, Plaintiff testified that, during a typical migraine, she sees stars, it feels like someone is standing on her head, she feels it in her sinuses and around the back of her head, she gets nauseous and light-headed when standing, and she has to cover her head "to keep the dark." AR 45–46. In a 2020 headache questionnaire, Plaintiff reported her migraines prevent her from doing daily activities, make her nauseous, cause pain in her head and neck, blurred vision, and ringing in her ears, and make her feel tired afterwards, which aftereffects "can last all day." AR 325–26. The ALJ failed to explain how or why this evidence indicates Plaintiff's migraines have no more than a minimal effect on Plaintiff's ability to work. *See* SSR 85-28. Therefore, the ALJ's evaluation of Plaintiff's migraine impairment and conclusion that the impairment is not severe lack the support of substantial evidence.

The Commissioner argues the ALJ's step two conclusion "cannot form a basis for remand" because the ALJ resolved step two in Plaintiff's favor. Dkt. 14, at 2–3 (citing *Buck v. Berryhill*, 869 F.3d 1040, 1048–49 (9th Cir. 2017)). Step two "is not meant to identify the impairments that should be taken into account when determining the RFC." *Buck*, 869 F.3d at 1048. Rather, the ALJ considers the limitations and restrictions imposed by all of a claimant's impairments, even those that are not severe, when assessing the RFC. 20 C.F.R. §§ 404.1545(e), 416.945(e); SSR 96-8p. As a result, "[t]he RFC . . . *should* be exactly the same regardless of whether certain impairments are considered 'severe' or not." *Buck*, 869 F.3d at 1049 (emphasis in original). Here, however, the

ORDER
PAGE - 4

ALJ did not adequately consider the limitations and restrictions imposed by Plaintiff's migraine impairment. As discussed above, the ALJ failed to provide any discussion of Plaintiff's testimony and allegations regarding her migraine symptoms and limitations. The ALJ further failed to consider the combined effect of Plaintiff's migraine impairment and other impairments on Plaintiff's ability to perform basic work activities. *See Smolen*, 80 F.3d at 1290. Therefore, based on the circumstances of this case, the Court cannot conclude the RFC would be exactly the same had the ALJ found Plaintiff's migraine impairment to be a severe impairment at step two.

For the reasons discussed above, the ALJ erred when evaluating Plaintiff's migraine impairment and did not sufficiently consider Plaintiff's symptoms and limitations from this impairment when assessing the RFC. This error was not harmless because it resulted in an RFC determination that did not include all of the limitations supported by the record.

**2.    Remaining Issues**

Plaintiff argues the ALJ erred in rejecting the physical limitations offered by the state agency medical consultants and the consultative examiner. Dkt. 14, at 5–8. As the Court has found reversible error in the ALJ's evaluation of Plaintiff's migraine impairment, the Court declines to consider whether the ALJ erred in considering the opinions of the agency consultants and the consultative examiner. Rather, the Court directs the ALJ to reevaluate the medical opinion evidence and reassess the RFC as warranted by further consideration of the evidence.

///

///

///

ORDER
PAGE - 5

## V. CONCLUSION

For the reasons set forth above, this matter is **REVERSED and REMANDED** for further administrative proceedings.

DATED this 23rd day of August, 2023.

Grady J. Leupold
United States Magistrate Judge